### BURTON JOHNSON vs. CALEB S. LAYTON.

In proceedings by attachment, the record must show how the notice was given.
It is not enough to state that it was given "according to law."
This objection is valid in proceedings against a garnishee.

CERTIORARI to Justice Russell.

THE record showed an action on account by C. S. Layton vs. Ebe Tyre, commenced by warrant of attachment for $22 40, returnable the 19th of May, 1848; attachment returned "no goods," and summoned Burton Johnson, as garnishee. Five notices made out by the justice, under hand and seal, May 22, 1848, one posted in his office and four delivered to constable, to be posted "as by law required," and Friday, January 23, appointed for hearing. Judgment against Tyre for $22 40. The constable made affidavit that he posted the notices "as the law required." Burton Johnson, garnishee, appeared and pleaded "no goods;" and both parties claimed a trial by referees. Trial, report and judgment against the garnishee for $25 27. Appeal taken.

The exceptions were:—1. That judgment was rendered against Tyre before the expiration of a month from the return of the attachment. (*Code*, 355.) 2. Because the notices of attachment were not posted, as required by law. (*Ibid.*) 3. Because the constable does not prove such posting.

*Mr. Cullen.*—The record does not show proper notices. It is not enough for the record to state that they were made out *according to law;* the court is to judge of that, and not the justice; and the record should show *how* it was done. It cannot be presumed in

favor of a record. A presumption is made in favor of an oath, when it appears that any oath was administered; but this is by force of an act of assembly. Without that act the form of the oath would have to be shown. (*Digest,* 349; *Code,* 355.)

*Layton, jr.*—1. The presumption would be that the magistrate did his duty. 2. The exception does not affect the judgments against Johnson, the garnishee. It is only against Ebe Tyre.

*Cullen.*—It is all one proceeding. An error in any part affects the whole. No judgment can be rendered against the garnishee, without a valid judgment against the principal.

If the garnishee cannot except to the judgment against the principal, he could have no relief if the original debtor does not sue out the scire facias.

*Layton, sen.*—It has been decided that a third party cannot take exception to proceedings against other parties. (*Newcomb* vs. *Stevenson*; *Rodney et al.* vs. *Joshua Lamb.*)

*Cullen.*—That was a case where third persons undertook in an appeal to question the regularity of a judgment between other parties, *without certiorari.* This is the case of a *garnishee* in a certiorari, which brings up the judgment against the principal, as well as against himself, impeaching the regularity of that judgment. The plea of the garnishee puts in issue the original judgment; the writ of certiorari applies to the whole case. If the garnishee had appealed, it would open the original judgment as well as the judgment against himself. Even special bail way defend the claim against his principal.

*By the Court.*

HARRINGTON, *Judge.*—The proceeding by attachment is to compel an appearance; or substituting a certain form of notice for a summons, to dispense with the appearance and procure judgment without it. It is, therefore, necessary that the record should show that this substitute for that which in other actions is essential to the validity of any judgment, was secured; and the provisions of the act complied with. It is, that five notices of a prescribed form were posted in certain places; and " on proof of such notice being made" the authority is given to render judgment. The notices may be posted by the constable or by the plaintiff; but in the latter case proof thereof must be made by a credible witness, and in the former by the constable himself. It is matter of evidence, to be judged

of by the justice ; and if the record show that such proof was made, either by the statement of that fact by the justice in making up his record, or by the return of the constable, verified by oath, we should consider it sufficient. But if the justice do not state that such proof was made ; and we have to look back to the return of the constable, it will be insufficient, unless it shows in itself that the requirements of the law were complied with. If the justice says that proof of setting up notices was made according to law, it will be sufficient, for he is made the judge of that matter, and of the credibility of the witness by whom it is proved ; but if the constable return only that notice was set up according to law, it will be insufficient, unless he state when and where set up ; for he is not to judge of that matter. In this respect it is like his return of service to a summons ; it would not be sufficient, though sworn to, for him to return served according to law, but he must state whether the service was personal, or by leaving a copy at the defendant's place of abode.

This record is, therefore, imperfect in this respect; and the judgment must be reversed.

*Mr. Cullen*, for plaintiff.

*Mr. Layton* and *Layton, jr.*, for defendant.